UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL UNION 705, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | |
| A.D. CONNER, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

1. Plaintiff brings this action pursuant to the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. 2101, *et. seq.* Plaintiff seeks damages for the Defendant's willful violation of the WARN Act.

2. At all relevant times, Defendant A.D. Conner, Inc. ("Conner") conducted business in Will County, Illinois, within the jurisdiction and venue of this Court.

3. At all relevant times, Defendant operated a trucking terminal at 160 S. LaGrange Road, Frankfort, in Will County, Illinois, from which it engaged in the pick up and delivery of refined petroleum and other fuel products to commercial and private customers. Defendant operated in Will County, Illinois until on or about October 18, 2010.

4. Plaintiff Teamsters Local Union 705 is a labor organization with its principal place of business in Chicago, Illinois.

5. At all relevant times, Plaintiff was the duly recognized exclusive collective bargaining representative of Defendant's driver and dispatcher employees at Defendant's facility at 160 S. LaGrange Road, Frankfort, in Will County, Illinois.

6. This Court has jurisdiction over Plaintiff's claim because it arises under federal law. 28 U.S.C. § 1331. Venue in this Court is appropriate because Defendant transacts business within this district. 29 U.S.C. § 2104(a)(5).

### COUNT I - PLAINTIFF'S WARN ACT CLAIM AGAINST DEFENDANT A.D. CONNER, INC.

7. Defendant is an employer as defined by the Workers Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et. seq.*, 20 CFR 639.4.

8. Prior to its closure and mass layoff of employees, Defendant employed at least 50 permanent employees at its terminal located in Frankfort, Illinois. These employees operated vehicles, worked as clerical employees, and were otherwise employed in the pick-up and delivery of refined petroleum products.

9. Each of these employees worked at Defendant more than six months, several for 20-30 years. These employees were employed as regular permanent employees for at least 40 hours a week.

10. On or about October 12, 2010, Defendant mailed a letter to Plaintiff stating that Defendant will shut down its operations and terminate all employees effective October 18, 2010. The letter was received by Plaintiff on or about October 15, 2010.

11. On or about October 12, 2010, Defendant notified its employees at the Frankfort, Illinois terminal by mail that Defendant was discontinuing operations and their employment was being terminated, effective October 18, 2010.

12. Defendant failed to provide affected employees, though Plaintiff as their representative, the 60 day notice period required before closings and layoffs before laying off or letting its work force go.

13. Defendant failed to compensate its employees for laying them off without notice. Defendant failed to provide wages and benefits for 60 days subsequent to notification to employees that they were laid off.

14. At least 50 employees were terminated from the Frankfort, Illinois terminal and were "affected employees" as defined by 29 U.S.C. § 2101(a)(5).

15. Defendant effected a "plant closing" and/or "mass layoff" as those terms are defined by 29 U.S.C. ¶ 2101 (a)(2) and (3), by terminating employees' employment at the Frankfort, Illinois terminal effective October 18, 2010.

16. The plant closing and/or mass layoff resulted in "employment losses," as that term is defined in 29 U.S.C. § 2101(a)(6), during the ninety-day periods before and after the terminals closing/mass layoff date, for at least fifty (50) employees, excluding "part-time employees" as that term is defined in 29 U.S.C. § 2101(a)(8).

17. Defendant, at its facilities in Frankfort, Illinois and other locations around the country, employed more than 100 full-time and/or 100 or more employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours. Accordingly, Defendant was the employees' "employer" as defined in WARN, 29 U.S.C. § 2101(a)(1)(A) and (B).

18. Defendant failed to give at least 60 days advance notice to all "affected employees" or their representative of their terminations, as required by 29 U.S.C. § 2102(a)(1).

19. Defendant's failure to give its employees at least sixty (60) days prior written notice of their termination as a result of its closing of Defendant's Frankfort, Illinois facility, and the consequent termination of its "affected employees" constitutes a

violation of the provisions of WARN, 29 U.S.C. § 2101, *et seq*.

20. Defendant has failed and refused to pay employees the amount of pay and benefits owed to them under WARN.

21. Defendant willfully violated the WARN Act. On information and belief, Defendant had advance notice of the need to shut down the facility.

22. By failing to provide the statutory notice, Defendant willfully violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et. seq*.

**WHEREFORE,** Plaintiff respectfully request that this Court order Defendant:

a. to provide each of its employees represented by Plaintiff back pay and ERISA benefits for each of the 60 days it failed to provide notice;

b. Attorney and Court fees and costs;

c. Additional relief this Court deems just and proper.

Respectfully submitted,

/s/ N. Elizabeth Reynolds
Attorneys for Plaintiff
Teamsters Local Union 705

N. Elizabeth Reynolds
Josiah A. Groff
Allison, Slutsky & Kennedy, P.C.
230 West Monroe, Suite 2600
Chicago, Illinois 60606
(312) 364-9400

Edward J. Burke
1645 W. Jackson Blvd., 7th floor
Chicago, Illinois 60612
(312) 738-2800