# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 705** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 2010 CV 6916 |
| ) | |
| **A.D. CONNER, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant A.D. CONNER, INC., (CONNER) by and through their attorneys, L. STEVEN PLATT and PEDERSEN & HOUPT, in response to the complaint filed by the plaintiff TEAMSTERS LOCAL UNION NO. 705, state as follows:

1. Plaintiff brings this action pursuant to the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. §2101, *et seq.* Plaintiff seeks damages for the Defendant's willful violation of the WARN Act.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this action pursuant to the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. §2101, *et seq.* and that Plaintiff seeks damages for the Defendant's willful violation of the WARN Act, but denies that Defendant violated such act and demands strict proof thereof.

2. At all relevant times, Defendant A.D. Conner, Inc. ("Conner") conducted business in Will County, Illinois within the jurisdiction and venue of this Court.

**ANSWER:**

Admitted.

3. At all relevant times, Defendant operating a trucking terminal at 160 S. LaGrange Road, Frankfort, in Will County, Illinois, from which it engaged in the pick-up and delivery of refined petroleum and other fuel products to commercial and private customers. Defendant operated in Will, County, Illinois until or about October 18, 2010.

**ANSWER:**

Denied.

4. Plaintiff Teamsters Local Union 705 is a labor organization with its principal place of business in Chicago Illinois.

**ANSWER:**

Admitted.

5. At all relevant times, Plaintiff was the duly recognized exclusive bargaining representative of Defendant's driver and dispatcher employees at Defendant's facility at 160 S. LaGrange Road, Frankfort, in Will County, Illinois.

**ANSWER:**

Denied.

6. This Court has jurisdiction over Plaintiff's claim because it arises under federal law, 28 U.S.C. § 1331. Venue in this Court is appropriate because Defendant transacts business within this district. 29 U.S.C. § 2104(a) (5).

**ANSWER:**

Admitted.

### COUNT I – PLAINTIFF'S WARN ACT CLAIM AGAINST DEFENDANT A.D. CONNER, INC.

7. Defendant is an employer as defined by the WARN Act, 20 C.F.R. 639.4.

**ANSWER:**

Defendant has no way to know or determine if this allegation is true and correct and therefore under the federal rules denies it and demands strict proof thereof.

8. Prior to its closure and mass layoff of employees, Defendant employed at least 50 permanent employees at its terminal located in Frankfort, Illinois. These employees operated vehicles, worked as clerical employees, and were otherwise employed in the pick-up and delivery of refined petroleum products.

**ANSWER:**

Denied.

9. Each of these employees worked at Defendant more than six months, several for 20-30 years. These employees were employed as regular permanent employees for at least 40 hours a week.

**ANSWER:**

Denied.

10. On or about October 12, 2010, Defendant mailed a letter to Plaintiff stating that Defendant will shut down its operations and terminate all employees effective October 18, 2010. The letter was received by Plaintiff on or about October 15, 2010.

**ANSWER:**

Defendant admits a letter was sent but denies it was Defendant's operations that were being shut down and that Defendant's employees were being terminated. Defendant has no way of knowing when plaintiff received the letter and therefore denies the balance of the allegations of this complaint and demands strict proof thereof.

11. On or about October 12, 2010, Defendant notified its employees at the Frankfort, Illinois terminal by mail that Defendant was discontinuing operations and their employment was being terminated, effective October 18, 2010.

**ANSWER:**

Defendant admits a letter was sent but denies it was Defendant's employees who were being notified that they were being terminated and denies that Defendant notified that it was discontinuing its operations.

12. Defendant failed to provide affected employees, through Plaintiff as their representative, the 60 day notice period required before closing and layoffs before laying off or letting its work force go.

**ANSWER:**

Denied.

13. Defendant failed to compensate its employees for laying them off without notice, Defendant failed to provide wages and benefits for 60 days subsequent to notification to employees that they were laid off.

**ANSWER:**

Denied.

14. At least 50 employees were terminated from the Frankfort, Illinois terminal and were "affected employees" as defined by 29 U.S.C. § 2101 (a)(5)

**ANSWER:**

Denied.

15. Defendant effected a "plant closing" and/or "mass layoff: as those terms are defined by 29 U.S.C. § 2101(a) (2) and (3), by terminating employees' employment at the Frankfort, Illinois terminal effective October 18, 2010.

**ANSWER:**

Denied.

16. The plant closing and/or mass layoff resulted in "employment losses," as that term is defined in 29 U.S.C. § 2101(a)(6), during the ninety-day periods before and after the terminals closing/mass layoff date, for at least fifty (50) employees, excluding "part time employees" as that term is defined in 29 U.S.C. § 2101 (a)(8).

**ANSWER:**

Admitted.

17. Defendant, at its facilities in Frankfort, IL and other locations around the country, employed more than 100 full-time and/or 100 or more employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours. Accordingly, Defendant was the employees' "employer" as defined in WARN, 29 U.S.C. § 2101 (a) (1) (A) and (B).

**ANSWER:**

Denied.

18. Defendant failed to give at least 60 days advance notice to all "affected employees" or their representative of their terminations, as required by 29 U.S.C. § 2102(a) (1).

**ANSWER:**

Denied.

19. Defendant's failure to give its employees at least sixty (60) days prior written notice of their termination as a result of its closing of Defendant's Frankfort Illinois facility, and the consequent termination of its "affected employees" constitutes a violation of the provisions of WARN, 29 U.S.C. § 2101, *et seq.*

**ANSWER:**

Denied.

20. Defendant has failed and refused to pay employees the amount of pay and benefits owed to them under WARN.

**ANSWER:**

Denied.

21. Defendant willfully violated the WARN Act. On information and belief, Defendant had advance notice of the need to shut down the facility.

**ANSWER:**

Denied.

22. By failing to provide the statutory notice, Defendant willfully violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*

**ANSWER:**

Denied.

WHEREFORE Defendant prays that Plaintiff's claim be denied in full and that no damages be awarded against it.

**AFFIRMATIVE DEFENSES**

1. That Plaintiffs fail to state a claim in accordance with the pleading requirements of the United States Supreme Court decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) in that Plaintiff's complaint fails to plead sufficient facts to state a claim for purposeful and unlawful violation of the WARN Act. Plaintiff has failed to allege specific factual allegations that plead and prove that the Defendant acted with willful intent and invidious purpose with awareness of the consequences to violate the WARN Act.

2. Plaintiffs have failed to plead and alleged sufficient facts to state a claim based on a violation of a clearly established right under the WARN Act, by failing to plead factual matter sufficient to show that Defendants adopted and implemented the actions in question not for a neutral, or permissive reason under the law but for the purpose of violating Plaintiff's rights under the WARN Act.

3. Plaintiff has failed to allege sufficient factual allegations under Fed.R.Civ.P. 8 to show plausibly, if accepted as true, "a claim to relief that is plausible on its face," which would allow a court to draw the reasonable inference that the Defendant is liable for the misconduct alleged.

4. Plaintiff's complaint does not state a claim for a cause of action because Defendant did not terminate at least 50 or more employees at a single site of employment or one or more facilities or operating units, within a single site of employment.

5. Plaintiff's complaint does not state a cause of action for relief in that Defendant did not close a "facility" as defined by the WARN Act.

6. Plaintiff's complaint does not state a cause of action for relief in that Defendant did not close an "operating unit" as defined by the WARN Act.

7. Plaintiff's complaint does not state a cause of action for relief in that Defendant did not engage in a "Mass layoff" is defined by the WARN Act.

8. Plaintiff's complaint does not state a cause of action for which relief because, assuming arguendo that Defendant was an employer covered by the WARN Act which Defendant does not admit, Defendant is entitled to protection under Act under the faltering company exception in that it was actively seeking capital or business which if obtained, would have enabled the Defendant to avoid or postpone the shutdown under 29 U.S.C. § 2102(b).

9. Plaintiff's complaint does not state a cause of action for which relief because, assuming arguendo that Defendant was an employer covered by the WARN Act, because of unforeseen business circumstances not reasonably foreseeable as of the time the notice would have been required. 29 U.S.C. § 2102(b). Said unforeseen circumstances were sudden, dramatic and unexpected actions or condition outside the Defendant's control including but not limited to an unanticipated and dramatic major economic downturn and the failure of the Teamsters Union to negotiate in good faith to give Defendant wage and fringe benefit relief to remain in competition with its non-union competitors as defined by 29 C.F.R. § 639.9(b). Defendant exercised commercially reasonable business judgment as with similarly situated employers in predicting the demands of its particular market. Defendant was not required to accurately predict general economic conditions that also may affect demands for its products or services under 29 C.F.R. § 639.9(b).

WHEREFORE Defendant seeks judgment against the Plaintiff on each of these affirmative defenses and prays that no judgment be entered against it in this case.

        **Respectfully Submitted**
        **A.D. CONNER**

        **By: __/s/ L. Steven Platt____**

**L. Steven Platt**
**PEDERSEN & HOUPT**
**161 N. Clark, Suite 3100**
**Chicago IL 60601**
**(312) 261- 2171**
**(312) 261-1171 fax**
**lsplatt@pedersenhoupt.com**